UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BOBBY GENE KILGORE,

      Petitioner,

v.
                                   Case No.: 8:10-cv-1973-T-24-TBM
                                   Case No.: 8:06-cr-199-T-24-MSS

UNITED STATES OF AMERICA,

      Respondent.
_____/

## **ORDER**

This cause comes before the Court on Petitioner Bobby Gene Kilgore's Motion to Reconsider Order Denying his Motion to Vacate as Untimely. (Civ. Doc. 14).

**I.**     **Background**

On March 17, 2011, this Court denied Petitioner's 28 U.S.C. § 2255 motion as untimely. (Civ. Doc. 12). The Court held that Petitioner's judgment of conviction became final on November 20, 2007, and that the one-year period of limitations expired prior to Petitioner's § 2255 filing on September 7, 2010. (Civ. Doc. 12 at 3). The Court held that the one-year period of limitations did not run from the decision in Johnson v. United States, 130 S. Ct. 1265 (2010), because Johnson had not been applied retroactively to post-conviction relief motions. (Civ. Doc. 12 at 4). In its order, the Court noted that Gilbert v. United States, 609 F.3d 1159 (11th Cir. 2010), was pending *en banc* review, and that if the *en banc* opinion in Gilbert later afforded relief, Petitioner could file a motion based on that *en banc* opinion. (Civ. Doc. 12 at 4, n.3).

**II.**     **Discussion**

On April 15, 2011, Petitioner filed the instant motion, seeking reconsideration both of the Court's denial of Petitioner's § 2255 motion as untimely and of the Court's denial of a certificate of appealability as to that motion.  Petitioner again argues that his § 2255 motion was timely as filed within one year of <u>Johnson,</u> and that the Court should hold that <u>Johnson</u> applies retroactively.  (Civ. Doc. 14).  He also argues that a certificate of appealability is warranted here, as reasonable jurists could debate whether <u>Johnson</u> applies retroactively and whether Petitioner's due process rights were violated at sentencing.  (Civ. Doc. 14).

A motion to reconsider is justified if there is (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or to prevent manifest injustice.  <u>Williams v. United States</u>, 2011 WL 839371, at *1 (M.D. Fla. Mar. 7, 2011).  None of these factors are present in this case.

Section 2255(f)(3) states that the one-year statute of limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2255(f)(3).  There is no Supreme Court or Eleventh Circuit precedent recognizing a new right under <u>Johnson</u> as retroactively applicable on collateral review. <u>See</u> <u>Hill v. United States</u>, 2012 WL 1110057, at *4 (M.D. Fla. Apr. 3, 2012) ("<u>Johnson</u> has not been made retroactively applicable on collateral review."); <u>Hodges v. Warden, FFC</u>, 2012 WL 1094070, at *3 (M.D. Fla. Apr. 2, 2012) (concluding <u>Johnson</u> is not retroactively applicable); <u>Smith v. United States</u>, 2012 WL 868888, at *2 (M.D. Fla. Mar. 14, 2012) (rejecting petitioner's argument because "neither the Supreme Court nor the Eleventh Circuit has made <u>Johnson</u> retroactively applicable on collateral review"); <u>Rogers v. United States</u>, 2011 WL 3625623, at *2

(M.D. Fla. Aug. 17, 2011) (finding no Supreme Court or Eleventh Circuit precedent for retroactive applicability of <u>Johnson</u>).[1]

In the absence of precedent from either the Supreme Court or the Eleventh Circuit holding that <u>Johnson</u> is applicable retroactively, this Court declines to apply it retroactively in this instance.  Petitioner's one-year statute of limitations period does not run from the date of the <u>Johnson</u> decision; therefore, Petitioner's motion to reconsider is denied.

Furthermore, the Court declined to issue a certificate of appealability when it first addressed Petitioner's argument regarding <u>Johnson</u>.  (Civ. Doc. 12).  Petitioner has re-stated his <u>Johnson</u> argument in the instant motion.  The Court finds no basis for reconsidering its previous conclusion that <u>Johnson</u> does not apply retroactively.  Therefore, the Court concludes that Petitioner's motion for reconsideration of the Court's refusal to issue a certificate of appealability must also be denied.

## III.    Conclusion

Accordingly, Petitioner Bobby Gene Kilgore's Motion to Reconsider Order Denying his Motion to Vacate as Untimely (Civ. Doc. 14), is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 8th day of June, 2012.

Copies to:
Counsel of Record
*Pro Se* Petitioner

SUSAN C. BUCKLEW
United States District Judge

---

[1] In <u>Gilbert</u>, the Eleventh Circuit declined to decide whether a petitioner could raise a guidelines misapplication claim in an initial collateral attack because Gilbert was before the court on a successive collateral proceeding. <u>See</u> <u>Gilbert v. United States</u>, 640 F.3d 1293, 1306 (11th Cir. 2011) (*en banc*).

3